UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PRESTON DAVIS,<br>　　　　Plaintiff,<br>　　v.<br>JERRY BROWN, et al.,<br>　　　　Defendants. | Case No. 17-cv-03599-PJH<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff argues that the California Legislature violates the Ex Post Facto clause of the state and federal constitutions when it modifies penal code sections. For relief plaintiff seeks the court to influence state officials to follow the state constitution.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*,

2

673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees).

Plaintiff's argument that state officials bow to public pressure and modify laws to extend limits for certain crimes fails to state claim that is plausible on its face. The original complaint was dismissed with leave to amend to provide more information. Plaintiff was informed that if he wished to challenge a specific instance where his constitutional rights were violated he should provide more information about that instance. Plaintiff states that in 2013 his ex-wife contacted an alleged victim who stated that plaintiff sexually assaulted her as a child in 1997. Plaintiff was ultimately convicted of various sexual offenses against three different children and sentenced to 100 years to life in state prison. *See People v. Davis*, No. B256629, 2015 WL 1951905, at *1 (Cal. Ct. App. Apr. 30, 2015).

To the extent plaintiff seeks to challenge his conviction and state court laws that allow sexual assaults of children to be prosecuted many years later, he must file a habeas petition after exhausting his claims in state court. To the extent plaintiff seeks the court to influence state officials in their legislative decisions, plaintiff's allegations fail to state a claim pursuant to the legal authority cited above. Because no amount of amendment would cure the deficiencies of the complaint, this action is dismissed without leave to amend.

## CONCLUSION

The action is **DISMISSED** with prejudice for failure to state a claim. The Clerk shall close this case and send plaintiff a blank habeas petition form.

**IT IS SO ORDERED.**

Dated: August 25, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_03599_Davis_v_Brown_(PSP)\17-cv-03599-PJH-dis.docx

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PRESTON DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>  Defendants. | Case No. 17-cv-03599-PJH<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on August 25, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Preston Davis ID: AT-4428
Mule Creek State Prison C-15,216
P.O. Box 409060
Ione, CA 95640

with blank habeas petition form

Dated: August 25, 2017

                               Susan Y. Soong
                               Clerk, United States District Court

                               By:*Kelly Collins* _____
                               Kelly Collins, Deputy Clerk to the
                               Honorable PHYLLIS J. HAMILTON

4